IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELISSA A. HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:04CV749-T |
| ) | [WO] |
| BARBOUR COUNTY, ALABAMA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

On 16 June 2005, the defendants filed a Motion To Deem First Request For Admissions As Admitted (Doc. # 48). Because of the plaintiff's objections to their previous request for admissions, inter alia, the defendants seek an order from this court that their requests should be "deemed admitted" for purposes of trial.

The court has reviewed the motion, the requests, and the plaintiff's response and objections, and find that, pursuant to Rule 36 of the *F.R. Civ. Pro.,* the plaintiff has not admitted the propositions advanced by the defendants. For the reasons stated herein, the court concludes that the motion should be DENIED at this time.

**DISCUSSION**

*A.*   *The Requirements of Rule 36*

Rule 36 provides, in pertinent part:

A party may serve upon any other party a written request for the

>admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or iof the application of law to fact, including the genuineness of any documents described in the request.
>
>. . . . . . . . . . .
>
>The matter is admitted unless, within 30 days after service of the request . . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

The defendants served their four requests upon plaintiff's counsel on 18 April 2005 (Doc. # 48), and the plaintiff served her responses upon defendants' counsel n 20 May 2005 (Id.) In each response, the plaintiff objected upon the ground, inter alia, that the request "require[d her] to speculate or to guess regarding information that is not known to her and to draw legal conclusions as to the admissibility of evidence at trial."

The rule also specifically provides that

>[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Thus, although Rule 36 permits the plaintiff to give "lack of information" as a reason for failure to admit or deny, the plaintiff must also state that the information that is insufficient is the result of a "reasonable inquiry".

### B.   *The Requests and Objections*

Attached to the defendants' motion as Exhibit D is plaintiff's counsel's letter to the

defendants' counsel, dated 3 June 2005. The court has reviewed all of the exhibits, and particularly this one. It states the reasons why the plaintiff cannot respond affirmatively to the requests for admission. In each request, the defendants have asked the plaintiff to admit that the ***substance*** of the documents is "true and correct".

The explanation of the plaintiff's responses from her counsel is disingenuous. Defendants have not asked the plaintiff to verify that the "copies" are true and correct; indeed, the words "copy" or "copies" do not appear on the defendants' requests. They merely ask the plaintiff if the provided documents   - *in substance, or facially, or textually -* are true and correct. It is not necessary for the plaintiff to have witnessed the *photocopying* of the documents to determine whether the information reflected on the documents is true, for purposes of establishing evidence at the trial.

Thus, the court concludes that the plaintiff is in a position to admit or deny the "truth" or accuracy of the information reflected in the documents without objection. Moreover, some of the documents, especially those that exclusively reflect information about the plaintiff herself (her own payroll records and her own pay period time reports), are peculiarly subject to admission or denial. Clearly the plaintiff is aware of her own previous pay or wages, and she knows, or should know, the dates and times that she worked. That information is certainly "known or readily obtainable".

C.     *Reminded To Counsel*

This discovery motion indicates that counsel for the parties may not have engaged in good faith, personal communications one with the other. It should not have been necessary

to engage the resources of the court to resolve this non-complex dispute.  The plaintiff's counsel, in particular, are REMINDED that the court is reluctant to become involved in the resolution of discovery disputes, and it is imperative that counsel exercise due diligence to respond promptly and forthrightly to reasonable discovery requests   - such as the ones in the instant case and to cooperate as Officers of the Court with each other and with the court in the resolution of discovery disputes.  In the interest of preserving already-scarce litigation resources for everyone, counsel are advised to apply a conciliatory   - rather than an adversary -  approach to the resolution of their discovery disputes.  Their failure to do so will invite this court's consideration of sanctions upon the offending party or counsel.

## CONCLUSION

The trial of this case is set for 8 August 2005, and discovery has expired (Doc. # 18).  Thus, it is incumbent upon the parties "to facilitate proof with respect to issues that cannot be eliminated from the case, and . . . . to narrow the issues by eliminating those that can be".  Advisory Committee Notes, 1970 Amendment, Rule 36.[1]  The admissions requested by the defendants do not require the plaintiff to agree to a legal conclusion or to the application of a particular case or legal principle to the case or an issue in it.  Nor is she required to accept an opinion or interpret a precedent.  She is merely asked whether certain records accurately reflect the facts.  She is not obligated to admit the accuracy of any of the information, but, pursuant to Rule 36, *she is obligated to admit or deny.*

---

[1] While phrased as the parties' obligations in this order, those two elements are recited as the "two vital purposes" of Rule 36 in the Advisory Committee's Notes.

Accordingly, it is ORDERED as follows:

1. On or before 30 June 2005, the plaintiff shall file a second response to the defendants' First Request For Admission Of Fact, in which she plainly and simply admits or denies whether the information or text reflected in the documents is "true and correct" for purposes of establishing the facts at the trial of this action.

2. If the plaintiff agrees with the information reflected on the documents, she should admit them. If she disagrees, she should deny them.

3. On or before 6 July 2005, the defendants shall advise the court in writing that they have received the plaintiff's second response.

DONE this 20th day of June, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE