IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MELISSA A. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:04CV749-T |
| | ) | [WO] |
| BARBOUR COUNTY, ALABAMA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

On 16 June 2005, the defendants filed a Motion to Deem Defendants' Second Request for Admissions as Admitted (Doc., # 49). This court previously entered an order on a similar motion regarding defendants' First Request (See Doc. # 51). Because of the plaintiff's objections to their previous request for admissions, inter alia, the defendants seek an order from this court that their requests should be "deemed admitted" for purposes of trial.

The court has reviewed the motion, the requests, and the plaintiff's response and objections, and find that, pursuant to Rule 36 of the *F.R. Civ. Pro.,* for the reasons cited in the court's aforementioned order, the plaintiff has not admitted the propositions advanced by the defendants. Accordingly, the court concludes that the motion should be DENIED at this time.

The court has reviewed the plaintiff's objections to the requests for admissions and finds that they should be OVERRULED.    First, the plaintiff's objections regarding timeliness are simply misplaced. The defendant's undisputed forwarding of the requests for

admission before 30 days in advance of the discovery cutoff represents timely service, even though the plaintiff's counsel may not have received the requests until 9 June 2005. Especially for these requests, the response is not burdensome - all that the plaintiff is required to do is admit or deny. Thus, the plaintiff shall be required to admit or deny requests numbered 5, 6, 7 and 8.

On the other hand, requests numbered 9, 10, 11, 12, 13, and 14 require the plaintiff to admit or deny that certain documents are "true and exact copies of the plaintiff's records maintained in the ordinary course of business" at a particular location or by a particular custodian of records. Without access to the records themselves, the plaintiff is unable to certify that the documents are true and exact copies of the records. Unlike the items in the defendant's First Request for Admissions, the items in the Second Request are described as "true and exact copies of . . . records", rather than as simply "true and correct". The latter is a different inquiry from the former, and the consequence of admission or denial at this juncture of litigation renders the difference material.

Accordingly, for the reasons stated, it is ORDERED as follows:

1. The defendant's motion is GRANTED in part and DENIED in part.

2. On or before 14 July 2005, the plaintiff shall serve upon counsel for the defendant a response to items 5, 6, 7, and 8 of the defendant's Second Request for Admissions and shall either admit or deny the items, without objection. If the plaintiff agrees with the information reflected on the documents, she should admit them. If she disagrees, she should deny them.

3. On or before 18 July 2005, the defendants shall advise the court in writing that

       they have received the plaintiff's second response.

3.      The plaintiff's objections to items 5, 6, 7, and 8, on the ground of untimeliness, are hereby OVERRULED.

4.      The plaintiff's objections to items 9, 10, 11, 12, 13, and 14 are SUSTAINED.

The court again REMINDS counsel that they must engage in good faith discovery. The parties are reminded to review the caution included in the order entered on 20 June 2005 (Doc. # 51). Upon the resolution of the pending Motion to Compel (Doc. # 50), the court will automatically assess monetary sanctions against any party deemed at fault for a request for judicial intervention to resolve further discovery disputes.

       DONE this 6th day of July, 2005.

                                /s/ Vanzetta Penn McPherson
                                VANZETTA PENN MCPHERSON
                                UNITED STATES MAGISTRATE JUDGE