IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MELISSA A. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:04cv749-T |
| | ) | (WO) |
| BARBOUR COUNTY, ALABAMA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

For the reasons given by court on-the-record on August 4, 2005, it is ORDERED that defendants' motions to dismiss (Doc. Nos. 5 and 21) and motion for summary judgment (Doc. No. 36) are granted and denied as follows:

(1) Defendants Barbour County, Alabama and Barbour County Commission are dismissed in their entirety.

(2) All three of plaintiff Melissa Hunter's claims (for sexual harassment, retaliation, and disparate treatment) shall proceed under Title VII but only against defendant Marshall Williams in his official capacity; otherwise defendants in their various capacities are dismissed as

these claims to the extent the claims are brought under Title VII.

(3)  Plaintiff Hunter's harassment claim shall proceed under § 1983 but only against defendant George Parham in his individual capacity; otherwise defendants in their various capacities are dismissed as this claim to the extent it is brought under § 1983.

(4)  Plaintiff Hunter's disparate-treatment claim shall proceed under § 1983 but only against defendants Williams, Parham, and Jean Hartzog in their individual capacities; otherwise defendants in their official capacities are dismissed as this claim to the extent it is brought under § 1983.

(5)  Plaintiff Hunter's retaliation-transfer claim shall proceed under § 1983 but only against defendants Parham and Hartzog in their individual capacities; otherwise defendants in their various capacities are dismissed as this claim to the extent it is brought under § 1983.

(6)    Plaintiff Hunter's retaliation-suspension claim shall proceed under § 1983 but only against defendants Williams, Parham, and Hartzog in their individual capacities; otherwise defendants in their official capacities are dismissed as this claim to the extent it is brought under § 1983.

DONE, this the 5th day of August, 2005.

                                   /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE