```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

      MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION



MELISSA A. HUNTER,            )
                              )
    Plaintiff,                )
                              )        CIVIL ACTION NO.
    v.                        )          2:04cv749-T
                              )             (WO)
MARSHALL WILLIAMS,            )
JEAN HARTZOG, and             )
GEORGE PARHAM,                )
                              )
    Defendants.               )
```

### JUDGMENT

On the 23rd day of August, 2005, after this cause had been submitted to a jury, a verdict was returned as follows:

### CLAIM I

Question 1: May Melissa Hunter recover on her sexual harassment claim?

Yes   __X__
No   _____

If your answer to Question 1 is "no" you need not answer the remaining questions for claim I.

Question 2: If your answer to Question 1 is "yes," from which defendant(s) may Hunter recover:

```
George Parham                      X
Barbour County Sheriff             X
```

Question 3: If you find that Hunter may recover on her sexual harassment claim, how much, if anything, may she recover in compensatory damages for emotional distress?

$ <u>125,000.00</u>

Question 4: If you find that Hunter may recover on her sexual harassment claim, how much, if anything, may she recover in punitive damages from Parham, if you find that Parham is liable on this claim?

$ <u>50,000.00</u>

Hunter may not recover punitive damages from the Barbour County Sheriff.

### CLAIM II

Question 1: As to her disparate-treatment claim, has Hunter established by a preponderance of the evidence that her sex was a motivating factor in the decision to suspend her for three days, even though other factors may have also contributed to the employment action?

```
          Yes   X
          No  _____
```

If your answer to Question 1 is "no" you need not answer the remaining questions for claim II.

Question 2: If "yes," have the defendant(s) established by a preponderance of the evidence that they would have made the same employment decision in the absence of considering Hunter's sex?

```
          Yes  _____
          No    X
```

If your answer to Question 1 is "yes" and your answer to Question 2 is "no," you will have found in favor of Hunter on her sex discrimination claim. If your answer to Question 1 is "yes" and your answer to Question 2 is "yes," you will have found in favor of the defendant(s) on this claim, and you need not answer the remaining questions for claim II.

Question 3: If you find in favor of Hunter on her sex discrimination claim, from which defendant(s) may she recover?

```
    George Parham                X
    Marshall Williams            X
    Jean Hartzog                 X
    Barbour County Sheriff       X
```

Question 4: If you find that Hunter may recover on her sex discrimination

claim, how much, if anything, may she recover in compensatory damages?

    a.  Backpay:             $ ___0___
    b.  Emotional distress: $ 25,000.00

Question 5: If you find that Hunter may recover on her sex discrimination claim, how much, if anything, may she recover in punitive damages?

$ 7,500.00

And from which defendant(s) may she recover such damages?

    George Parham           X
    Marshall Williams       X
    Jean Hartzog            X

Hunter may not recover punitive damages from the Barbour County Sheriff.

## CLAIM III

Question 1: As to her retaliation-transfer claim, has Hunter established by a preponderance of the evidence that her protected conduct was a motivating factor in the decision not to transfer her from second shift to first shift, even though other factors may have also contributed to the employment action?

    Yes  X
    No  ____

4

If your answer to Question 1 is "no" you need not answer the remaining questions for claim III.

Question 2: If "yes," have the defendant(s) established by a preponderance of the evidence that they would have made the same employment decision in the absence of considering Hunter's protected conduct?

> Yes _____
> No   X  

If your answer to Question 1 is "yes" and your answer to Question 2 is "no," you will have found in favor of Hunter on her retaliation-transfer claim.  If your answer to Question 1 is "yes" and your answer to Question 2 is "yes," you will have found in favor of the defendant(s) on this claim, and you need not answer the remaining questions for claim III.

Question 3: If you find in favor of Hunter on her retaliation-transfer claim, from which defendant(s) may she recover:

> George Parham                 X
> Jean Hartzog                   X
> Barbour County Sheriff     X

Question 4: If you find that Hunter may recover on her retaliation-transfer claim, how much, if anything, may she recover in compensatory damages for emotional distress?

$ <u>5,000.00</u>

Question 5: If you find that Hunter may recover on her retaliation-transfer claim, how much, if anything, may she recover in punitive damages?

$ <u>4,000.00</u>

And from which defendant(s) may she recover such damages?

| | |
|---|---|
| George Parham | <u>  X  </u> |
| Jean Hartzog | <u>  X  </u> |

Hunter may not recover punitive damages from the Barbour County Sheriff.

### CLAIM IV

Question 1:  As to her retaliation-suspension claim, has Hunter established by a preponderance of the evidence that her protected conduct was a motivating factor in the decision to suspend her for three days, even though other factors may have also contributed to the employment action?

Yes <u>  X  </u>
No  <u>     </u>

If your answer to Question 1 is "no" you need not answer the remaining questions for claim IV.

6

Question 2: If "yes," have the defendant(s) established by a preponderance of the evidence that they would have made the same employment decision in the absence of considering Hunter's protected conduct?

Yes _____
No    X   

If your answer to Question 1 is "yes" and your answer to Question 2 is "no," you will have found in favor of plaintiff Hunter on her retaliation-suspension claim. If your answer to Question 1 is "yes" and your answer to Question 2 is "yes," you will have found in favor of the defendant(s) on this claim, and you need not answer the remaining questions for claim IV.

Question 3: If you find that Hunter may recover on her retaliation-suspension claim, from which defendant(s) may she recover:

George Parham                X
Marshall Williams           X
Jean Hartzog                 X
Barbour County Sheriff     X

Question 4: If you find that Hunter may recover on her retaliation-suspension claim, how much, if anything, may she recover in compensatory damages?

    a.  Backpay:            $ 157.20
    b.  Emotional distress: $ 25,000.00

7

> Question 5: If you find that Hunter may recover on her retaliation-suspension claim, how much, if anything, may she recover in punitive damages?
>
> $ 8,500.00
>
> And from which defendant(s) may she recover such damages?
>
> | | |
> |---|---|
> | George Parham | X |
> | Marshall Williams | X |
> | Jean Hartzog | X |
>
> Hunter may not recover punitive damages from the Barbour County Sheriff.
>
> SO SAY WE ALL.
>
> DONE, this the 23rd day of August, 2005.
>
> /s/ Sandra Northington
> JURY FOREPERSON

It is therefore the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Judgment is entered in favor of plaintiff Melissa A. Hunter and against defendants Marshall Williams (individual and official capacities), Jean Hartzog (individual capacity), and George Parham (individual capacity).

(2) As to plaintiff Hunter's sexual-harassment claim, plaintiff Hunter shall have and recover from defendants Williams (official capacity) and Parham (individual capacity) the sum of $125,000.00 for emotional distress.

(3) As to plaintiff Hunter's sexual-harassment claim, plaintiff Hunter shall have and recover from defendant Parham (individual capacity) the additional sum of $50,000.00 for punitive damages.

(4) As to plaintiff Hunter's sex-discrimination claim, plaintiff Hunter shall have and recover from defendants Williams (individual and official capacities), Hartzog (individual capacity) and Parham (individual capacity) the additional sum of $25,000.00 for emotional distress.

(5) As to plaintiff Hunter's sex-discrimination claim, plaintiff Hunter shall have and recover from defendants Williams (individual capacity), Hartzog (individual capacity) and Parham (individual capacity) the additional sum of $7,500.00 for punitive damages.

(6) As to plaintiff Hunter's retaliation-transfer claim, plaintiff Hunter shall have and recover from defendants Williams (official capacity), Hartzog (individual capacity), and Parham (individual capacity) the additional sum of $5,000.00 for emotional distress.

(7) As to plaintiff Hunter's retaliation-transfer claim, plaintiff Hunter shall have and recover from defendants Hartzog (individual capacity) and Parham (individual capacity) the additional sum of $4,000.00 for punitive damages.

(8) As to plaintiff Hunter's retaliation-suspension claim, plaintiff Hunter shall have and recover from defendants Williams (individual and official capacities), Hartzog (individual capacity), and Parham (individual capacity) the additional sum of $157.20 in back pay.

(9) As to plaintiff Hunter's retaliation-suspension claim, plaintiff Hunter shall have and recover from defendants Williams (individual and official capacities), Hartzog (individual capacity), and Parham (individual

capacity) the additional sum of $25,000.00 for emotional distress.

(10) As to plaintiff Hunter's retaliation-suspension claim, plaintiff Hunter shall have and recover from defendants Williams (individual capacity), Hartzog (individual capacity), and Parham (individual capacity) the additional sum of $8,500.00 in punitive damages.

It is further ORDERED that plaintiff Hunter is allowed until September 16, 2005, to file her request for attorneys' fees and expenses.

It is further ORDERED that costs are taxed against defendants Williams (individual and official capacities), Hartzog (individual capacity), and Parham (individual capacity), for which execution may issue.

DONE, this the 25th day of August, 2005.

                                     /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**